JUSTICE WARNER
dissents.
¶33 I dissent. I would affirm the District Court’s conclusion that federal law preempts Fenno’s claim under the Montana WDEA.
¶34 The Court correctly states the law on preemption. As the decision accurately notes, state law is preempted when either of the following is true: (1) one cannot comply with both the state and federal law or (2) “state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.” ¶ 11 (quoting Favel, ¶ 40).
¶35 The Court incorrectly applies the law at ¶¶ 28-29 when it concludes that there is not an irreconcilable conflict between the state and federal laws because they both serve the same purposes. In this case, the WDEA is preempted by federal law under both criteria stated above.
¶36 The Court erroneously concludes that the purposes underlying the state and federal laws are the same and that the WDEA does not impede the accomplishment of Congress’ objectives. The purpose of the “at pleasure” provision of 12 U.S.C. § 24 (Fifth) is to give banks “the greatest latitude possible to hire and fire their chief operating officers, in order to maintain the public trust.” Mackey, 867 F.2d at 526. See also Sargent, 809 P.2d at 1302; Kroske, 432 F.3d at 984. Section 1831j is the one and only exception under federal law to the “at pleasure” provision. When enacting the bill that includes 12 U.S.C. § 1831j, Congress stated that its purpose was, among other things, “[t]o strengthen the enforcement powers of Federal regulators of depository institutions” and “[t]o strengthen the civil sanctions and criminal penalties for defrauding or otherwise damaging depository institutions and their depositors.” Pub. L. No. 101-73,103 Stat. 187 (1989). Both of these federal statutes are intended by Congress to protect the integrity of banking institutions and to provide enforcement mechanisms when necessary.
¶37 The purpose of the WDEA is focused not on protecting the integrity of the banking system, but on protecting employees, as the Court states at ¶ 28. The purpose of 12 U.S.C. § 24 (Fifth) and 12 U.S.C. § 1831j, as stated above, is not to protect employees, but banks.
¶38 12 U.S.C. § 183 lj does offer some whistleblower protection to bank employees, but it is not a blanket protection. The protection exists only *171 if the employee reports the potential violation to the appropriate agency, because the congressional objective of greater enforcement is achieved only when a violation is reported outside the banking institution involved, rather than reporting internally, as Fenno did in this case.
¶39 Today’s decision, by limiting the power of banks under § 24 (Fifth) to fire employees at will unless the requirements of § 1831j are met, undermines the congressional purpose of the statute and “stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.” Barnett Bank, 517 U.S. at 32, 116 S. Ct. at 1108; Favel, ¶ 40.
¶40 Further, in this instance, federal law preempts the WDEA because there is an irreconcilable conflict between it and 12 U.S.C. § 24 (Fifth). See Favel, ¶ 40. Nowhere does Fenno assert that he reported the alleged violation to either a federal banking agency or the Attorney General, as required to secure protection from an at will termination under 12 U.S.C. § 1831j(a)(l). Therefore, 12 U.S.C. § 24 (Fifth) gave Mountain West the right to dismiss Fenno at its pleasure, and the Bank was fully in compliance with the federal statutes when it fired him. The Court’s decision today puts Mountain West in the position of being in compliance with federal law while at the same time potentially violating Montana’s WDEA. Thus, Mountain West may be found liable in a Montana court for exercising its statutory right under federal law to terminate Fenno’s employment. In this situation, federal law preempts the WDEA.
¶41 Today’s decision undermines federal law governing banks and interferes with the congressional purposes underlying 12 U.S.C. § 24 (Fifth) and 12 U.S.C. § 1831j. I would conclude that in this case the WDEA is preempted by federal law. I respectfully dissent.
CHIEF JUSTICE GRAY joins in the foregoing dissent.